[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT SECURITIES SERVICES, INC. D/B/A RISS INTERNATIONAL CORPORATION'S MOTIONS TO DISMISS #122 and #129)
On January 7, 1991, the plaintiffs, Virginia Yagovane and William Yagovane, commenced this action against the defendants, Joan P. Givans and Debra L. Grant, alleging that each of them were negligent in the operation of their respective motor vehicles, resulting in an accident which occurred on I-91 in New Haven on October 2, 1989.
On July 22, 1991, the court granted defendant Grant's motion to join Securities Services, Inc. d/b/a Riss International Corporation (Riss), as an additional defendant. The defendant Grant then filed a cross complaint against Riss on or about July 29, 1991, alleging that if the plaintiffs sustained injuries they were caused by Riss in connection with the operation of its motor vehicle. The cross complaint further alleges that in the event that the plaintiffs prevail against the defendant Grant, that Grant shall be liable for no more than her proportionate share of damages as calculated by General Statutes 52-572h. The prayer for relief seeks "the appropriate assessment of the defendant (Riss') proportionate share of the recoverable economic damages and non-economic damages awarded to the plaintiff, if any, pursuant to Connecticut General Statutes 52-572h(c)."
On September 19, 1991, the plaintiffs filed an amended complaint, alleging in counts seven and eight a theory of liability against the defendant Riss arising out of the negligence of Riss' agent, servant and employee, Dinkel. The prayer for relief seeks money damages from Riss.
On October 2, 1991, the defendant Givans filed a cross complaint against all other defendants. The second count of that cross complaint is directed at Riss and alleged that if the plaintiff suffered the injuries and damages as alleged in her CT Page 5104 complaint, that said injuries and damages were caused by Michael A. Dinkel who was acting as the agent, servant and employee of Riss. The prayer for relief seeks an appropriate assessment of all defendants' "proportionate share of the recoverable economic and non-economic damages awarded to the plaintiff, if any, pursuant to Connecticut General Statutes Section 52-572h(c) and (d)."
Before the court are two motions to dismiss filed by Riss. Docket Entry #122 seeks a dismissal of the complaint filed by the plaintiffs and also a dismissal of the cross complaint filed by the defendant Grant. Docket Entry #129 seeks a dismissal of the cross complaint filed by the defendant Givans.
The basis of both motions to dismiss is the claim that on November 3, 1989, the defendant Riss filed a bankruptcy petition with the United States Bankruptcy Court for the Western District of Missouri, and that on July 11, 1990, that court filed a Claims Resolution Order to establish a procedure for resolving personal injury tort actions. See Motion to Dismiss #122, Exhibit C, "Claims Resolution Order," p. 11. The defendant Riss further contends that the "Claims Resolution Order" filed by the court enjoins the plaintiffs and codefendants Grant and Givans from pursuing their claims against Riss, and that the actions should therefore be dismissed.
In opposition to the motions to dismiss the cross complaints, Grant and Givans both argue that since the cross complaints merely seek apportionment of damages, rather than money damages or indemnification, their claims do not qualify as personal injury actions and therefore are not barred by the bankruptcy order. The plaintiffs have asked the court to deny the motion to dismiss their complaint, or, in the alternative, to rule consistently by dismissing not only the plaintiffs' complaint but also both defendants' cross complaints.
A motion to dismiss challenges the jurisdiction of the court. Ziska v. Water Pollution Control Authority of Town of Windham,195 Conn. 682, 687, 490 A.2d 509 (1985); Practice Book 142. The defendant Riss contends that the following language in the bankruptcy court's Claims Resolution Order enjoins the plaintiffs and codefendants from pursuing their claims:
 5. That each Movant and all other persona injury tort and wrongful death claimants are restrained and enjoined pursuant to 105 and 362 of the Bankruptcy Code from commencing or continuing the prosecution of any action or proceeding against the Debtor or any employee of the Debtor alleged to have caused such personal CT Page 5105 injury or wrongful death, except as provided in and in conformity with the Claims Resolution Procedure as hereby adopted by the Court. . . . (Emphasis added.)
Motion to Dismiss #122, Exhibit C, "Claims Resolution Order," p. 11, para. 5.
The defendants argue, however, that their cross complaints merely seeks apportionment of damages pursuant to General Statutes52-572h(c), (d) and (f), and therefore, they do not constitute personal injury actions within the meaning of paragraph 5 of the Claims Resolution Order. The plaintiffs argue that if the court must dismiss their claims against Riss, then the defendants' cross complaints should also be dismissed in order to avoid inconsistency.
Pursuant to 362 of the Bankruptcy Code, the petition for bankruptcy status filed by the defendant Riss on November 3, 1989, effectuated an automatic stay to enjoin;
 the commencement or continuation. . .of a judicial proceeding against the debtor that was or could have been commenced before the commencement of the [stay]. . . .
11 U.S.C. § 362. Pursuant to the authority granted by 362, the Federal District Bankruptcy Court for the Western District of Missouri entered an order to regulate the resolution of claims and specifically enjoin "all other personal injury tort. . .claimants. . . from commencing. . .any action or proceeding against [Riss]. . . ." See Motion to Dismiss, Exhibit C, p. 11, para. 5.
The seventh and eighth counts of the plaintiffs' amended complaint seek to hold Riss liable for personal injuries allegedly caused by the negligent acts of a Riss employee. These counts clearly violate the Claims Resolution Order, and therefore the seventh and eighth counts of the plaintiffs' amended complaint are dismissed for lack of subject matter jurisdiction.
Concerning the defendants Grant and Givans' cross complaints, these defendants contend that their cross complaints merely seek apportionment of damages and therefore are not "personal injury claims" barred by the district court's order. Moreover, they claim that Riss is a necessary party pursuant to General Statutes52-572h. These defendants argue that Tort Reform II abolishes the right of any defendant to have his or her liability reduced unless the joint tortfeasor is made a party to the plaintiffs' action. Thus, it is claimed that a dismissal of the cross complaints will prejudice them, since it will require them to bear CT Page 5106 a greater portion of the plaintiffs' loss than is attributable to each of them.
Although the defendants contend that by seeking apportionment they are not asserting personal injury claims, it is clear that any right to apportionment arises out of a judicial determination of liability on the part of the defendant Riss in the underlying tort action brought by the plaintiffs. Grant admits as much when she notes in her memorandum that "[t]he failure to consider the negligence of all tortfeasors would prejudice the named defendants." Memorandum in Opposition, p. 5.
The clear intention of the bankruptcy court's order is to protect Riss' assets from further depletion, even if that depletion results only from the costs of defending this litigation:
 the litigation costs which would be incurred if [Riss] is required to defend. . .personal injury or wrongful death lawsuits would seriously deplete the assets of this estate and adversely affect the amounts which other claimants will ultimately receive through [Riss'] proposed plan of liquidation.
Motion to Dismiss #122, Exhibit C, p. 9, para. 21. The court is of the opinion that the statutory right to apportionment pursuant to General Statutes 52-572 does not preempt the enforcement of the Claims Resolution Order. See 11 U.S.C. § 362;28 U.S.C.A. 2283
(federal bankruptcy laws authorizing injunctions are exempt from the federal statutes prohibiting stays directed at "proceedings in any court of a state"). See also Collier on Bankruptcy, 362-28 (1982). ("The power of the bankruptcy court to enjoin litigation which seeks to obtain a judgment against the estate or to interfere with the property of the debtor has been long recognized.")
In the event that this court grants the motion to dismiss the cross complaint filed by the defendant Grant, then that defendant requests that this court order that the trial judge in his or her jury charge instruct the jury that it should apportion a proportional share of responsibility to Riss. This court declines to enter such an order. The decision with respect to the jury charge is the responsibility of the trial judge.
If the plaintiffs and the defendants wish to claim that, for whatever reason, the participation of Riss in this lawsuit, as well as any judgment against Riss, will not deplete the assets of the bankruptcy estate, then it would seem that this argument should be presented to the bankruptcy court in support of a motion CT Page 5107 to lift the bankruptcy stay. The court notes that Miller Auto Leasing Company, which allegedly leased the motor vehicle to Riss, and Michael A. Dinkel, the alleged operator of the Riss motor vehicle, are both defendants on the plaintiffs' complaint and the cross complaints filed by Grant and Givans.
For the reasons above stated, both motions to dismiss, #122 and #129, are granted.
HADDEN, JUDGE